IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL DANIELS,**<br>**Plaintiff,**<br><br>v.<br><br>**CITY OF PHILADELPHIA,** *et al.,*<br>**Defendants.** | :<br>:<br>:<br>: **CIVIL ACTION NO. 17-0188**<br>:<br>: FILED<br>:<br>: NOV - 8 2017 |

### MEMORANDUM OPINION

**Rufe, J.**                                                                                                                  **November 8, 2017**

On January 6, 2017, Plaintiff Michael Daniels, proceeding *pro se*, initiated this action against the City of Philadelphia, Former Commissioner of the Philadelphia Police Department Charles Ramsey, Police Officer Jeffrey Deacon, and Police Officer Andrew Miller in connection with his arrest and detention for crimes, for which, on January 7, 2015, he was found not guilty. The City of Philadelphia and Charles Ramsey moved to dismiss, arguing in part that the two-year statute of limitations bars Plaintiff's claims.[1] Plaintiff filed a counseled response to the motion in which he agreed to dismiss several claims asserted, but maintained that his federal and state law malicious prosecution claims were timely filed. For reasons that follow, the motion to dismiss will be granted in part and denied in part, and the malicious prosecution claims may proceed.

### I. BACKGROUND

The complaint alleges the following facts, which are assumed to be true for purposes of the motion to dismiss. On October 14, 2014, Plaintiff alleges Police Officers Deacon and Miller illegally searched him and his car, and took him into custody without probable cause. Thereafter, the officers provided false and misleading information "in an effort to obtain the

---

[1] Officers Deacon and Miller filed an Answer to the Complaint.

District Attorney['s] . . . approval" for his arrest and prosecution.[2] Following his arrest, Plaintiff was detained until January 7, 2015, when he was found not guilty and the criminal charges against him were dismissed.[3]

Plaintiff initiated this action against Defendants while he was incarcerated at the State Correctional Institution in Frackville, Pennsylvania.[4] On January 6, 2017, he completed his complaint and motion to proceed *in forma pauperis* and delivered the materials to prison staff for forwarding to the Court.[5] Three days later, prison officials mailed the complaint and accompanying materials.[6] On January 11, 2017, the Clerk of Court received the mailing. On January 26, 2017, Plaintiff's motion to proceed *in forma pauperis* was denied without prejudice for failure to file a certified prisoner account statement.[7] Plaintiff followed the Court's directives and, on February 21, 2017, the motion was granted and the complaint was docketed.[8]

## II. LEGAL STANDARD

Dismissal for failure to state a claim is appropriate if the complaint fails to allege facts sufficient to establish a plausible entitlement to relief.[9] In evaluating Defendant's motion, the Court "take[s] as true all the factual allegations of the [complaint] and the reasonable inferences that can be drawn from them," but "disregard[s] legal conclusions and recitals of the elements of

---

[2] Compl. at ¶ 53.

[3] *Id.* at ¶¶ 1, 107.

[4] Resp. to Mot. to Dismiss at 1.

[5] *Id.* at 1-2.

[6] *Id.* at 2.

[7] *Id.*

[8] *Id. See also* Compl.

[9] *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

2

a cause of action, supported by mere conclusory statements."[10] Instead, to prevent dismissal, a complaint must "set out sufficient factual matter to show that the claim is facially plausible."[11] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]

## III. ANALYSIS

Plaintiff asserts eleven counts in the complaint. Counts 2 through 10 include claims of unreasonable search and seizure, false arrest, violation of due process, municipal liability, and intentional infliction of emotional distress, among others.[13] Counts 1 and 11 raise federal and state malicious prosecution claims.[14]

Plaintiff has agreed that counts 2 through 10, and all claims against the City and Ramsey should be dismissed.[15] Thus, the Court will dismiss these claims and Defendants with prejudice. The remaining counts 1 and 11 asserting malicious prosecution will be discussed below.

### A. Statute of Limitations

Defendants contend that the Court should dismiss the remaining malicious prosecution claims under the statute of limitations.[16] Plaintiff, however, argues that these claims were raised within the applicable limitations period.[17]

The statute of limitations for a malicious prosecution claim brought under either 42

---

[10] *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted).

[11] *Fowler*, 578 F.3d at 210 (citation and internal quotation marks omitted).

[12] *Santiago*, 629 F.3d at 128 (citations and internal quotation marks omitted).

[13] Compl. at ¶¶ 67-105.

[14] *Id.* at ¶¶ 61-66, 106-08.

[15] Resp. to Mot. to Dismiss at 2.

[16] Mot. to Dismiss at 8-9.

[17] Resp. to Mot. to Dismiss at 2-3.

3

U.S.C. § 1983 or Pennsylvania law is two years.[18] Since a malicious prosecution claim cannot proceed "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated,"[19] such a claim does not accrue until the criminal proceedings against the plaintiff are "terminated in the plaintiff's favor."[20]

Here, Plaintiff's criminal proceedings terminated in his favor on January 7, 2015, when he was found "not guilty."[21] Therefore, the statute of limitations accrued on January 7, 2015, affording Plaintiff two years from this date to file a complaint alleging malicious prosecution.

Defendants contend that the complaint was not filed until February 21, 2017, when Plaintiff's motion to proceed *in forma pauperis* was granted and the complaint was docketed.[22] However, Plaintiff initiated this action against Defendants while he was incarcerated at the State Correctional Institution in Frackville, Pennsylvania.[23] On January 6, 2017, he completed the complaint and motion to proceed *in forma pauperis* and delivered the materials to prison staff for mailing to the Court.[24] Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court.[25] Therefore, the complaint was considered "filed" on January 6, 2017, within the two-year statute of

---

[18] *See Kach v. Hose*, 589 F.3d 626, 624 (3d Cir. 2009) ("The statute of limitations for a § 1983 claim arising in Pennsylvania is two years."); *see also* 42 Pa. Const. Stat. § 5524 (setting a two-year statute of limitations for "malicious abuse of process" and other torts).

[19] *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

[20] *Id.*

[21] Resp. to Mot. to Dismiss at 1.

[22] Mot. to Dismiss at 9.

[23] Resp. to Mot. to Dismiss at 1.

[24] Resp. to Mot. to Dismiss at 1-2.

[25] *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988); *see also Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) ("For these reasons, we hold that a prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court."); *Longenette v. Krusing*, 322 F.3d 758, 763 & n.6 (3d Cir. 2003) (noting that the prison mailbox rule applies to contexts other than habeas petitions, including an action in which the plaintiff contested the administrative forfeiture of his personal property).

limitations. Plaintiff's initial failure to submit a certified prisoner account statement with his motion to proceed *in forma pauperis* does not make his complaint untimely.[26] Defendants' contentions otherwise are without merit.

### B. Amendment of the Complaint

Plaintiff has not requested and will not be granted leave to further amend the Amended Complaint. Federal Rule of Civil Procedure 15(a) provides that "leave [to amend] shall be freely given when justice so requires."[27] Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility.[28] "[A] district court need not grant leave to amend if 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'"[29] Since Plaintiff has acknowledged that the claims being dismissed should in fact be dismissed, the Court will not grant Plaintiff leave to further amend as doing so would be futile.

## IV. CONCLUSION

For the reasons set forth above, the motion to dismiss will be granted in part and denied in part. An appropriate order follows.

---

[26] *See Dasilva v. Sheriff's Dep't*, 413 F. App'x 498, 502 (3d Cir. 2011) (citing *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 457 & n.8 (3d Cir. 1996); *McDowell v. Delaware State Police*, 88 F.3d 188, 191 (3d Cir. 1996)).

[27] Fed. R. Civ. P. 15(a).

[28] *In re Burlington Securities Litigation*, 114 F.3d 1410, 1434 (3d Cir. 1997).

[29] *Kundratic v. Thomas*, 407 F. App'x 625, 630 (3d Cir. 2011) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)).

5